T

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ABDULLAH FERSEN,

Index No.:

Plaintiff,

**VERIFIED COMPLAINT**

-against-

BOARD OF DIRECTORS OF
DARTMOUTH TENANTS, LTD,
SUPERIOR REALTY GROUP, LLC,
d/b/a "SUPERIOR REALTY CO.,"
KEVIN GERSHENSON, individually and as
Managing Member of SUPERIOR REALTY GROUP,
And SMITH, BUSS & JACOBS, LLP,

Defendant.

-----------------------------------------------------------------X

Plaintiff, by and through his attorneys, Law Office of AARON M. GOLDSMITH, PC, complaining of the Defendants, alleges, upon information and belief, as follows:

## NATURE OF THE SUIT

1. This action seeks to recover monetary damages and equitable relief, stemming from the Defendants' continued pattern of discrimination and harassment resulting in substantial monetary damages, damage to personal property, constructive eviction and improper attempts to permanently evict Plaintiff through a series of acts and omissions commencing in or about 2016 and continuing to present. Said pattern of discrimination and harassment is in violation of the Fair Housing Act 42 USC §3601, *et seq*.; and New York State Human Rights Law §§296(h) and 296(2-a)(a).

*-intentionally blank-*

T

**THE PARTIES**

2. Plaintiff, was and is at all times hereinafter a individual of Kuwaiti origin, naturalized as a United States Citizen, residing in the County of Kings, City and State of New York.

3. Defendant BOARD OF DIRECTORS OF DARTMOUTH TENANTS, LTD, (hereinafter referred to as "DARTMOUTH TENANTS") was and still is at all times hereinafter the Governing Body for a domestic cooperative real estate corporation with a principal place of business located in the County of Kings, City and State of New York.

4. Defendant SUPERIOR REALTY GROUP, LLC, d/b/a "SUPERIOR REALTY CO." (hereinafter referred to as "SUPERIOR REALTY") was and still is at all times hereinafter a domestic limited liability company with a principal place of business located in the County of Kings, City and State of New York.

5. Defendant SUPERIOR REALTY was and still is at all times relevant hereto, acting as the managing agent of Defendant DARTMOUTH TENANTS.

6. Defendant KEVIN GERSHENSON is an individual person who, at all times relevant, was and still is the managing member of Defendant SUPERIOR REALTY.

7. Defendant KEVIN GHERSENSON was and still is at all times relevant hereto, acting as a member of the Board of Directors for Defendant DARTMOUTH TENANTS.

8. Defendant SMITH, BUSS & JACOBS, LLP, was and is at all relevant times, legal counsel to Defendant DARTMOUTH TENANTS.

**VENUE**

9. This matter is properly venued before the Eastern District of New York pursuant to 28 USC §1391(b)(2), as the situs of the causes of action lie therein, specifically the County of Kings, State of New York.

T

## JURISDICTION

10. This Court has jurisdiction over the matter pursuant to 28 USC §1332 because the amount in controversy is greater than $75,000.00 and pursuant to the Fair Housing Act, 42 USC §3601, *et seq*. Plaintiff also requests relief under New York Human Rights Law, §§296(h) and 296(2-a)(a).

## AVERRMENTS COMMON TO ALL CAUSES OF ACTION

11. On or about September 14, 2014, Plaintiff purchased shares in the cooperative building situated in the County of Kings, City and State of New York. To wit: 399 Ocean Parkway, Brooklyn, New York, assigned to Apartment "LA."

12. Plaintiff closed on the shares assigned to the subject premises with a purchase price of ONE HUNDRED SIXTY SEVEN THOUSAND ($167,000.00) DOLLARS.

13. As a result of the purchase, Defendant DARTMOUTH TENANTS issued a stock certificate and Proprietary Lease to Plaintiff. It must be noted that the Proprietary Lease was issued and included language defining the subject unit as a residential apartment. A copy of the Proprietary Lease is attached hereto and made a part hereof.

14. However, Defendants failed to provide notice to Plaintiff and/or his Counsel prior to closing that said unit was listed on the building's Certificate of Occupancy as a "medical office with living quarters," rather than as a wholly residential unit.

15. Had Plaintiff and/or his attorney been properly informed of the restricted use listed on the Certificate of Occupancy, he would not have purchased the shares assigned to the unit.

16. In or about 2015, Plaintiff had a cash offer at market value for the subject premises. Defendants DARTMOUTH TENANTS and GERSHENSON rejected the sale, despite the fact that Defendant GERSHENSON sold a separate unit in the building contemporaneously for a lower sale

T
price.

17. Despite the fact that Plaintiff was issued a stock certificate and a Proprietary Lease by Defendant DARTMOUTH TENANTS at the closing in 2014, in or around 2016, the Board of Directors informed Plaintiff that his use of the subject premises was in violation of the Certificate of Occupancy and therefore must cease residential activity.

18. Additionally, shortly thereafter, Defendants DARTMOUTH TENANTS and GERSHENSON amended the By-Laws of the corporation to no longer allow for sub-leasing to third-parties.

19. Further in 2016, the building received a violation for damages and required repair in the subject premises. Defendant DARTMOUTH TENANTS advised Plaintiff to renovate the unit on his own, and take photographs of the renovations on his own without any involvement from the Board. After submitted the photographs to Defendant DARTMOUTH TENANTS, the violation was cleared without reimbursement to Plaintiff.

20. In response thereto, Plaintiff filed a complaint with the New York City Human Rights Division. During the conference over said complaint, Defendant DARTMOUTH TENANTS made a representation that it would cooperate with Plaintiff in amending the Certificate of Occupancy to reflect a residential apartment. In reliance thereon, Plaintiff withdrew the action. Defendant DARTMOUTH TENANTS then refused to take any steps toward amending the Certificate of Occupancy despite its earlier representations.

21. Contemporaneously, Defendant GERHENSON offered to purchase the subject premises from Plaintiff for a sum that was less than the purchase price and less than market value at the time of said offer. Plaintiff declined Defendant GERSHENSON's offer.

22. Shortly thereafter, Defendant DARTMOUTH TENANTS began to issue violation

T

fines and vague assessments for legal fees on Plaintiff's account.

23. Despite due demand, Defendants failed to provide specific information as to the basis of the legal fees.

24. Despite Defendants' previous notice of violation of the Proprietary Lease, Defendant DARTMOUTH TENANTS took no legal action against Plaintiff, other than the issuance of violation fines and legal fee assessments.

25. Plaintiff listed, but was unable to sell, the subject premises to a third-party during the years 2017 through 2020. Defendant GERSHENSON made additional offers to purchase the shares assigned to the subject premises from Plaintiff for sums less than market value at the time and less than Plaintiff's purchase price.

26. In 2017, Plaintiff brought an action against the individual board members and DARTMOUTH TENANTS, LTD, for misrepresentations at closing. At one point, the parties agreed to a settlement consisting of the "buy back" of the subject premises for the sum of $150,000.00. Prior to finalization, Defendant DARTMOUTH TENANTS withdrew from said agreement. Ultimately, said action was dismissed on the Board's Motion for Summary Judgment.

27. The subject unit is located in the Western half of the lobby for the building located at 399 Ocean Parkway. Below the unit is concrete slab and basement space used for mechanical and utility appliances for the building.

28. In or about 2022, Defendants DARTMOUTH TENANTS, SUPERIOR REALTY and GERSHENSON notified Plaintiff of the need to access the subject unit in order to make plumbing repairs. The contractors and/or workers who performed such work, failed to perform the repairs in a competent and workmanlike manner. As a result, there have been multiple occasions where the plumbing for the building failed, required subsequent repairs and caused damage to the walls,

T
ceilings, furnishings, appliances and furniture in Plaintiff's apartment.

29. During the initial failed repairs, the contractors and/or workers removed flooring and demolished portions of cement slab under the subject premises, as well as damaged kitchen cabinetry, appliances, furniture and furnishings in the process.

30. Following the initial failed repair, and despite demand from Plaintiff, Defendants have consistently refused to provide contractor name, insurance and information to Plaintiff during subsequent repairs. Defendants have further refused to renovate, repair and otherwise reimburse Plaintiff for the loss of use and quiet enjoyment of the subject premises for several weeks and months since 2022. Further, Defendants have refused to reimburse Plaintiff for the replacement of any furniture, furnishings, personal property, appliances and/or constructive eviction from the subject unit due to the multiple plumbing incidents and repairs.

31. Moreover, Defendants have refused to reimburse Plaintiff for the hiring of any contractors directly by him to repair furniture, furnishings, cabinetry and flooring in the subject premises.

32. In August, 2022, Plaintiff, by and through Counsel, sent a letter to Defendants DARTMOUTH TENANTS, providing copies of New York City Zoning Maps and a Letter from the City of New York Department of Buildings affirming that that building located at 399 Ocean Parkway is zoned exclusively for residential use. In so doing, Plaintiff announced to Defendants that he intended to retain counsel and architects to amend the Certificate of Occupancy for the building and asked for Defendants DARTMOUTH TENANTS and SUPERIOR REALTY's cooperation. A copy of said letter with zoning maps and attachments is annexed hereto as Exhibit "A."

T

33. Defendants refused to cooperate, responded with their own architect's opinion letter discounting the Department of Building's opinion as well as the clear and unequivocal zoning maps.

34. As a result of the restricted use listed on the Certificate of Occupancy, his inability to seek redress from the Board of Directors and the limited market for resale under the C of O, Plaintiff retained counsel, an architect and expeditor to amend the Certificate of Occupancy at great expense.

35. The process to amend the Certificate of Occupancy has been and will be lengthy, costly and without any guarantee of success.

36. In the interim, Plaintiff notified Defendants of his intent to withhold maintenance payments until the issues of reimbursement of his damaged belongings and loss of use of the subject premises were resolved.

37. In or about February, 2024, Defendants provided Plaintiff's Counsel with notice of a vote to cancel Plaintiff's shares, due to violation. More specifically, for failing to pay monthly maintenance fees and failure to use said unit in conformity with the Certificate of Occupancy. In response, Plaintiff informed Defendants of the impropriety in holding such a meeting due to their unlawful actions and hat his monthly maintenance fees were being held by his Counsel in escrow pending the resolution of their ongoing disputes.

38. Several weeks passed. Plaintiff subsequently received notice that the Defendants had held a vote and passed a resolution to cancel his shares. Defendant DARTMOUTH TENANTS brought a civil action in Kings County Supreme Court under Index No: **533766/2024,** seeking possession of apartment LA and monetary judgment. In response, Plaintiff filed counterclaims sounding in loss of use; violation of zoning laws and seeking a monetary judgment for his damaged property and reimbursement of costs/expenses associated with amending the Certificate of Occupancy in conformity with zoning laws.

T

39. In or about February, 2025, Plaintiff's Counsel received an email from Defendant SMITH, BUSS & JACOBS, informing him that Plaintiff had defaulted in a holdover proceeding brought in landlord/tenant Court on behalf of Defendant DARTMOUTH TENANTS under Index No: **LT – 316337- 24/KN**, while the Supreme Court action was pending. Plaintiff filed a motion to vacate the default for failure to properly serve. Defendant SMITH BUSS & JACOBS, on behalf of Defendant DARTMOUTH TENANTS, stipulated to withdraw said action or allow Plaintiff's Counsel to file a motion to stay. Defendants SMITH BUSS & JACOBS, individually and on behalf of Defendant DARTMOUTH TENANTS failed to further appear and allowed the matter to discontinue.

40. Defendant SMITH BUSS & JACOBS, on behalf of Defendant DARTMOUTH TENANTS filed and served a subsequent holdover proceeding under Index No: LT – 317244 – 25/KN. Defendants filed said holdover proceeding despite the fact that the Supreme Court matter was still pending, and that possession of the subject premises is, and remains, an issue to be determined as part of the action pending in the Supreme Court, a higher court of competent jurisdiction.

41. Defendants have engaged in litigation before the City of New York, Landlord-Tenant Division, purely as a means of harassment, forum shopping with duplicative efforts and intended to harass Plaintiff with incurring multiples of legal fees.

42. Defendants DARTMOUTH TENANTS, SUPERIOR and GERSHENSON have recently, in the month of September, 2025, wholly rendered the subject premises uninhabitable. Yet again, major plumbing repairs were required. In the wake of opening sections of flooring, walls and ceiling in order to conduct those repairs, Defendants DARTMOUTH TENANTS, SUPERIOR and GERSHENSON commenced substantial demolition of the subject premises down to the studs

T

without obtaining proper permits with the City of New York Department of Buildings and without providing any explanation to Plaintiff and his counsel.

43. Defendants SMITH BUSS & JACOBS individually and on behalf of DefIendant DARTMOUTH TENANTS AND SUPERIOR REALTY, have refused to provide any information or engage in discussions as to the nature of the repairs; the nature and extent of renovation, nor provide any information regarding the contractors involved, despite repeated demands.

44. Following commencement of, and in the process of these major and improper renovations being done to the subject premises, Defendant SMITH BUSS & JACOBS have now filed a motion for possession (summary judgment) in the 2025 holdover case, requiring additional legal work to oppose, as well as additional legal work to prepare and file a motion for a stay and/or consolidation of the holdover into the ongoing Supreme Court matter, given their continued efforts to litigate duplicative and harassing litigation before different Courts.

45. It should be noted that the Partner of Defendant SMITH BUSS & JACOBS, who has represented Defendant DARTMOUTH TENANTS as its Corporate Counsel, and is supervising all litigation on behalf of Defendant DARTMOUTH TENANTS as discussed herein is Emma Lupu, Esq. Ms. Lupu first met Plaintiff in their professional capacities at a complex of buildings known as "Sherwood Village" in or about 2015. Upon being retained by Sherwood Village as its new Counsel, appointed herself the Trustee and following a verbal argument about the propriety thereof, had the Board at Sherwood Village terminate its contract with Plaintiff's property management company. In years 2022-2024, Ms. Lupu, on behalf of Defendant SMITH BUSS & JACOBS, has regularly engaged in disputes over legal fees with Plaintiff's management company on a building where he acts as manager and she is the corporate counsel. Moreover, Ms. Lupu has routinely made disparaging remarks about Plaintiff and his running a management company since their interaction at

T
Sherwood Village.

46. Recently, all Defendants have refused to provide any detailed accounting, description or other information related to legal fees being applied to Plaintiff's account with Defendant DARTMOUTH TENANTS at an increasingly frequent rate and larger denominations. As recently as October, 2025, Defendants SMITH BUSS & JACOBS, SUPERIOR REALTY and GERSHENSON have refused to provide any information or details as to the legal fees applied to the account despite due demand from Plaintiff's Counsel.

47. Additionally, all Defendants have refused to provide any detailed accounting or explanation of the calculation of Plaintiff's arrears that have, as presented by Defendants, doubled in the past year. It should be noted that the entries for the statement of arrears provided by Defendants goes back several years.

48. Within the years 2021 through 2025, Defendants DARTMOUTH TENANTS, SUPERIOR REALTY and GERSHENSON have refused to provide detailed information regarding the nature of repairs done in the premises; have refused to acknowledge the damage done to Plaintiffs furniture, furnishings, appliances and personal property during same, let alone reimburse him for the cost of replacement and loss of use thereof.

49. Within the years 2022 through 2024, Defendants have refused to cooperate with Plaintiff's lawful and appropriate attempt to amend the building's Certificate of Occupancy to conform with NYC zoning laws.

50. Within the years 2024 and 2025, Defendants have become more belligerent toward Plaintiff and Plaintiff's Counsel; engaged in a number of activities that have increasingly denied/prevented Plaintiff from using and enjoying the subject apartment; and have refused to appropriately account or explain their position in any fashion despite due demand and while

T
engaging in unprofessional, duplicative and harassing litigation in multiple courts.

51. It is clear and unequivocal that Defendants DARTMOUTH TENANTS, SUPERIOR REALTY and GERSHENSON have engaged in a pattern and practice of discriminating against Plaintiff, harassing him, damaging his property and preventing him from using the apartment for which they gave him a Proprietary Lease, in order for them to obtain the subject apartment from him at a cost far less than market value. It is also clear that those Defendants have engaged and incorporated Defendant SMITH BUSS & JACOBS to perpetuate their discriminatory campaign against Plaintiff.

52. Defendants have engaged in this damaging and discriminatory conduct for an ongoing and continuous period of time from in or about 2016 to present, with acting at an increasingly improper and discriminatory fashion within the last two (2) years.

53. Defendants have engaged in this course of conduct without any fault nor contribution of Plaintiff.

54. Most recently, Defendants have filed a motion for Summary Judgment in the Kings County Supreme Court case prior to producing any documentation and without any depositions, in an obvious attempt to circumvent discovery and prevent Plaintiff from seeing any documentation that would bear out his counterclaim therein. Such discovery will also prove material to the instant matter.

**PLAINTIFF'S FIRST CAUSE OF ACTION (VIOLATION OF THE FAIR HOUSING ACT)**

55. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 – 53 of this Complaint, as if more fully and completely herein.

56. Defendants, by and through their course of conduct, have discriminated against Plaintiff, caused him financial damages and constructively prevented his use and quite enjoyment of

T
the subject premises.

57. Defendants, by and through their course of conduct, have violated the Fair Housing Act, 42 USC §3601, *et seq*.

58. As a result of Defendants' violation of the Fair Housing Act, they have damaged Plaintiff in an amount to be determined at trial, that exceeds the jurisdictional limit of this Court.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW)**

59. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1-57 of this Complaint, as if more fully and completely stated herein.

60. Defendants, by and through their course of conduct, have discriminated against Plaintiff, caused him financial damages and constructively prevented his use and quite enjoyment of the subject premises.

61. Defendants, by and through their course of conduct, have violated the New York State Human Rights Law §§296(h) and 296(2-a)(a) *et seq*.

62. As a result of Defendants' violation of New York State's Human Rights Law §§296(h) and 296(2-a)(a), they have damaged Plaintiff in an amount to be determined at trial, that exceeds the jurisdictional limit of this Court.

**DEMAND FOR A TRIAL BY JURY**

63. Plaintiff hereby demands that this matter be tried before a Jury.

*-intentionally blank-*

T

## AD DAMNUM

WHEREFORE, Plaintiff ABDULLAH FERSEN. hereby demands judgment against Defendants BOARD OF DIRECTORS OF DARTMOUTH TENANTS, LTD., SUPERIOR REALTY GROUP, LLC d/b/a "SUPERIOR REALTY CO.," KEVIN GERSHENSON and SMITH, BUSS & JACOBS, LLP, in a sum to be determined at trial, in the First Cause of Action for Violation of the Fair Housing Act (42 USC §3601, *et seq*.); and in the Second Cause of Action for Violation of New York State's Human Rights Law §§296(h) and 296(2-a)(a) ; and such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 10, 2026

Aaron M. Goldsmith, Esq.

TO:

BOARD OF DIRECTORS OF
DARTMOUTH TENANTS, LTD
399 Ocean Parkway
Brooklyn, NY 11218

SUPERIOR REALTY GROUP, LLC
1344 43rd St.
Brooklyn, NY 11219

SMITH, BUSS & JACOBS, LLP
733 Yonkers Ave., Suite 200
Yonkers, NY 10704